**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

ERIC SERRANO FORTY,

     Plaintiff,

         v.                              CIV. NO. 05-1707 (PG)

AKUA SPORT, INC. d/b/a AKUASPORT, ET
AL.,

     Defendants.

## ORDER

Before the Court is co-defendant Akua Sport, Inc.,'s Second Motion to Exclude Documentary Evidence. (Docket No. 45.) For the following reasons, the Court **GRANTS** co-defendant's request.

## DISCUSSION

Plaintiff file suit on June 27, 2005. (Docket No. 1.)  On December 6, 2005, the Court held a First Status Conference in which the parties agreed to hold a Rule 26 meeting on January 18, 2006 and file a Joint Discovery Schedule by January 30, 2006. (Docket No. 14.)

In April of 2006, co-defendant Akua Sport, Inc. filed the first of several motions to compel. Co-defendant argued that on January 12, 2006, it had served a First Set of Interrogatories and Production of Documents on plaintiff and to date it had received no response. Co-defendant certified that he had made several fruitless attempts to resolve the dispute without the Court's intervention.  (Docket No. 21.)

The Court granted co-defendants' motion on June 15, 2006 and a second status conference was set for August 2, 2006. (Docket No. 26 & 29.) Shortly before the conference was held, co-defendants filed a second motion to compel. (Docket No. 30.) Here, co-defendant informed that plaintiff's answers to the interrogatories were not responsive and that he had made references to documents that supposedly were attached to his answers but in fact were not. Once again, co-defendants certified that it had unsuccessfully attempted to resolve the dispute without the Court's intervention. (Id.)

At the August 2 conference, the parties agreed to meet and review the discovery produced and a further conference was set for September 19, 2006.

Civ. No. 01-2653 (PG)                                                    Page 2

At this third conference, there were still outstanding requests and plaintiff agreed to amend his answers to the interrogatories.  If plaintiff failed to do so, co-defendant would file a motion. (See Docket No. 35.)

Thereafter, co-defendant filed a third motion to compel and this time also requested that sanctions be imposed. (Docket No. 36.) Co-defendant informed that notwithstanding its many efforts, plaintiff still had not fully complied with the January 2006 request for production of documents and interrogatories as well as failed to comply with the Court's orders regarding the matter. (See Docket No. 36, specifically ¶¶ 5 - 11.)  Plaintiff had agreed to amend his answers by the end of August 2006, however, as of October 17, 2006 he had yet to do so. (Id.)

On November 9, 2006, the Court held another conference and it was on that date that plaintiff finally produced the amended answers to the interrogatories.  A deposition schedule was set and plaintiff was granted until January 15, 2007 to submit his expert's report. (Docket No. 37.)

On January 18, 2007, co-defendant filed a motion to exclude documentary evidence and expert witness testimony. (Docket No. 38.) Co-defendant informed that after reviewing plaintiff's amended answers submitted on November 9, it noticed that these did not include legible copies of plaintiff's medical records and his scuba certifications, among other failures.  Counsel for co-defendant again stated that he had brought the matter to plaintiff's counsel's attention to no avail.  Therefore, seeing that more than a year had passed and plaintiff still had not produced the requested documents, co-defendant requested that plaintiff not be allowed to present expert witness testimony. Plaintiff did not oppose co-defendant's motion. (See Docket No. 39.)

On March 15, 2007, the Court held the Pre-Trial Conference. Counsel for plaintiff did not appear. The Court was informed that depositions had not been taken and plaintiff's expert had not produced his report.  Defendant moved for dismissal. Two days later, plaintiff filed a motion informing that he had encountered family problems and requested a continuance. In light of the graveness of the situation plaintiff's counsel had been through, the Court denied without prejudice the motion to exclude documents and did not impose

Civ. No. 01-2653 (PG)                                                    Page 3

sanctions at the time. The Court set a further status conference for April 3, 2007.

At this last conference, eventually held on May 4, 2007, the Court granted plaintiff until 5:00 p.m. of that same day to produce certified copies of plaintiff's medical records. The parties were instructed to schedule all pending depositions.  The discovery deadline was set for August 15, 2007. Four days after this conference, co-defendant filed the motion presently before the Court.(Docket No. 45.)

Co-defendant informs that plaintiff submitted copies of his medical records but did not accompany them with a certification. Instead, he just attached a letter from his counsel stating that these were copies of plaintiff's medical records.

This motion is the fifth time that co-defendant has had to request the Court's intervention is discovery related matters and the third time it has been specifically on this issue. As can be clearly seen from the record, the Court has given plaintiff ample time and multiple opportunities to make amends yet he fails to do so.  It has been almost nine months since plaintiff first promised to produce the certified copies of the medical records and the Court had ordered plaintiff to do so by May 4, 2007.

Accordingly, having carefully considered co-defendant's efforts, plaintiff's disregard for Court orders and failure to comply with discovery disclosures, pursuant to Federal Rules of Civil Procedure Rule 37, the Court **GRANTS** Akua Sport Inc., motion **(Docket No. 45)** and excludes plaintiff's medical records as evidence in the case.


     **IT IS SO ORDERED.**
     In San Juan, Puerto Rico, June 7, 2007.


                                   S/JUAN M. PEREZ-GIMENEZ
                                   U. S. DISTRICT JUDGE